**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Colleen D. Kolb, | No. CV-20-01538-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Andrew Saul,<br>Commissioner of Social Security, | |
| Defendant. | |

At issue is the denial of Plaintiff Colleen D. Kolb's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 16), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 17), to which Plaintiff replied. (Doc. 18.) The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 15), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 15-3 at 15–37), and affirms the ALJ's decision for the reasons addressed herein.

## I.    BACKGROUND

Plaintiff filed an Application for SSDI benefits in October of 2016, alleging a disability beginning in November of 2015. (Doc. 16.) Plaintiff's claim was initially denied in October of 2019. (*Id.*) A hearing was held before ALJ Patricia Bucci on August 7, 2019. (Doc. 15-3 at 38.) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments including seizure disorder,

headaches, pseudotumor cerebri, degenerative disc disease of the cervical spine with stenosis and disc arthroplasty, status post gastric bypass surgery, and fibromyalgia. (*Id.* at 20–21.)  However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform past relevant work as an office manager and secretary.  (*Id.* at 28.)  Consequently, Plaintiff's Application was denied by the ALJ on October 4, 2019.  (*Id.* at 15–37.)  Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed.  (*Id.* at 2–7.)

## II.    LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.    DISCUSSION

Plaintiff argues that the ALJ did not provide legally adequate reasons for discounting Plaintiff's symptom testimony and in weighing the medical opinion evidence. (Doc. 16 at 17–18.)  The Commissioner argues that the ALJ's opinion is supported by the record as a whole and free of harmful error.  (*See generally* Doc. 17.)  The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

### A. Plaintiff's Symptom Testimony and Lay Witness Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues the ALJ improperly rejected her testimony regarding the degree and severity of her symptoms. (Doc. 16 at 13.) Additionally, Plaintiff argues the ALJ failed to support the rejection of Plaintiff's testimony with specific, clear, and convincing reasons for doing so. (*Id.*) Both arguments fail to persuade the Court.

Here, although the ALJ first found the Plaintiff had numerous severe impairments, (Doc. 15-3 at 20–21), the ALJ also found that Plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a)" with the exception of certain activities, such as climbing ladders. (*Id.* at 21.) The ALJ also found that the Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent

with the medical record and Plaintiff's statements regarding activities of daily living.  (*Id.* at 22–23.)

"Although the Court agrees that Plaintiff is not required to provide medical evidence of the severity of her symptoms, objective medical evidence is a useful tool for an ALJ to assess Plaintiff's credibility regarding the intensity and persistence of [her] symptoms." *McPherson v. Comm'r of Soc. Sec. Admin.*, No. CV-21-08202-PCT-JAT, 2021 WK 3709845, at *7 (D. Ariz. August 20, 2021) (internal citation omitted).  Plaintiff does not need to fully substantiate her symptom testimony with objective medical evidence, and the Court declines to read the ALJ's "not entirely consistent" statement, (Doc. 15-3 at 22), as requiring as much.  *See McPherson*, 2021 WL 3709845, at *7; *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Here, the Court finds that the ALJ's rejection of the Plaintiff's testimony was supported by specific, clear, and convincing evidence.  The ALJ found that Plaintiff's symptom testimony was contradicted by (1) objective medical evidence; (2) Plaintiff's course of treatment; and (3) Plaintiff's activities of daily living.  (Doc. 15-3 at 22–23.)  For example, the ALJ explains the persuasiveness of Plaintiff's testimony regarding her symptoms is diminished because the severity and limitations of the symptoms "is greater than expected in light of the objective medical evidence."  (Doc. 15-3 at 22.)  The ALJ goes on to explain how various objective medical evidence indicated normal strength and tone in extremities, full strength, and full range of motion.  (Id. at 23–26).  Also, as noted by the ALJ, Plaintiff admitted the pain medication improved her condition and reduce her symptoms.  (Id. at 47–48.)  Finally, although the Plaintiff complained of significant impact on daily living activities, (Doc. 16 at 3), she reported independence in light housework and self-care activities, such as responding to emails, caring for her pets, personal hygiene, and meal preparation.  (Doc. 15-3 at 22–23; 41–49.)  Therefore, the Court finds the ALJ

provided specific, clear, and convincing reasons for the rejection of the Plaintiff's symptom testimony.  The Courts further finds the ALJ did not improperly reject the Plaintiff's symptom testimony.

Next, Plaintiff argues that the ALJ improperly rejected the testimony of the lay witness—Plaintiff's former employer—and erred in not discussing the lay witness testimony and proffering reasons germane for rejecting the testimony.  (Doc. 16 at 15–16; Doc. 18 at 8–9.)   The Commissioner responds that the ALJ's failure to discuss the lay witness's testimony was harmless error because the check-box style questionnaire mirrored Plaintiff's own allegations.  (Doc. 17 at 13–14.)  The Court agrees with the Commissioner.

The testimony of friends and family who observe the claimant's symptoms and daily activities is routinely treated as competent evidence.  *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).  Indeed, if an ALJ wishes to discount the testimony of a lay witness, "he must give reasons that are germane to each witness."  *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993); *see also Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).  However, if an ALJ fails to give reasons germane for the discounting of a lay witness's testimony, it is merely harmless error so long as the testimony does "not describe any limitations beyond those [the claimant] described." *Molina*, 674 F.3d 1104, 1122; *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1006 n.6 (9th Cir. 2005) ("Because the testimony of the lay witnesses encompasses only symptoms, any failure of the ALJ to adequately address that testimony does not affect the outcome of [the] case.").  Consequently, "where the ALJ improperly rejects lay witness testimony but properly rejects a claimant's symptom testimony for reasons equally applicable to the lay witness testimony, the error is harmless." *Johnson v. Comm'r of Soc. Sec.*, No. CV-19-04887-PHX-DLR, 2020 WL 4696666, at *4 (D. Ariz. Aug. 13, 2020).

Although the ALJ failed to provide reasoning for rejecting the lay witness testimony, that failure is harmless error because the testimony offered nothing beyond what Plaintiff alleged.  *See Molina*, 674 F.3d at 1122.  Accordingly, the ALJ's error was harmless.

### B.  Evaluation of Medical Testimony

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  Those who have treated a claimant are treating physicians; those who examined but did not treat the claimant are examining physicians; and those who neither examined, nor treated the claimant are non-examining physicians.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant."  *Id.*  This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . . are important, and properly play a part in their medical evaluations."  *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'"  *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830–31).  "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."  *Id.*  An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, Plaintiff argues the ALJ improperly rejected Dr. Knievel's, Dr. Gordon's, PT Morgan's, and Dr. Aranas' opinions without clear and convincing reasons for doing so. (Doc. 16 at 12–13.)  The Commissioner argues that the ALJ's responsibility is to resolve conflicts in the medical record, and here, the ALJ made specific findings—supported by substantial evidence—to resolve the conflicts.   (Doc. 17 at 4–5.)  The Court agrees with the Commissioner.

First, the Ninth Circuit has held "that [an] ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions."  *Molina*, 674

F.3d at 1111 (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." (quoting *Thomas*, 278 F.3d at 957)).  Here, the medical opinions are the kind of check-off reports that contain little more than brief, conclusory opinions without adequate clinical findings.

The ALJ found the opinions of Dr. Knievel, Dr. Aranas, and PT Morgan to be inconsistent with the record as well as being "check-list style forms" with minimal explanations for the conclusions.  (Doc. 15-3 at 26–27.)  Dr. Knievel's opinion was a literal check-off report with occasional written statements regarding medication and brief descriptions of symptoms.  (Doc. 15-8 at 83–86.)  Plaintiff additionally proffers her medical records, (Doc. 15-9 at 129–173), as "ample explanation" for Dr. Knievel's opinion, yet these records fail to add substance or clarification to Dr. Knievel's scant report.  Dr. Aranas' opinion likewise is merely a literal check-off report in the form of a two-question "Development Questionnaire."  (Doc. 15-10 at 25.)  Dr. Aranas' second opinion—a "Headache Questionnaire"—is a three-question check-off report.  (Doc. 15-22 at 91.)  Although PT Morgan's "Cervical Spine RFC Questionnaire" likewise is a check-off report, it had the occasional brief comment section to describe symptoms.  (Doc. 15-10 at 14–24.)

Regarding Dr. Gordon's opinion, the ALJ offered clear and convincing reasons for assigning "some weight" to some—but not all—of Dr. Gordon's opinion.  (Doc. 15-3 at 27.)  The ALJ assigned "some weight" because Plaintiff's treatment history supports some of Dr. Gordon's opinions.  (Doc. 15-3 at 26–27.)  Unlike the other opinions, Dr. Gordon's opinion offered in depth notes regarding Plaintiff's condition as well as evidence to support some of his conclusions.  (Doc. 15-10 at 2–12.)  For example, the ALJ reasoned that "the environmental limitations assessed by Dr. Gordon are supported by the claimant's history of treatment for headaches and seizures" and thus deserve "some weight."  (*Id.* at 27.)  However, the ALJ assigned "little weight" to other parts of Dr. Gordon's opinion.  (Doc. 15-3 at 26–27.)  For example, the ALJ found that "[a]lthough Dr. Gordon found the patient

1    had fibromyalgia with tender points, medical records showed no treatment or diagnosis of

2    this condition by a rheumatologist" and therefore gave "little weight" to this opinion.  (*Id.*

3    at 26.)

4           Second, the ALJ provided clear and convincing reasons, supported by the record as

5    a whole, for rejecting—or assigning little weight to—the various medical testimonies. *See*

6    *Carmickle*, 533 F.3d at 1164.  In her opinion, the ALJ provided that the various medical

7    opinions often conflicted with pain management treatment records.  (Doc. 15-3 at 26–27.)

8    For example, regarding PT Morgan's opinion, the ALJ stated that the opinion "is

9    inconsistent with pain management treatment records, which showed the [Plaintiff]

10   generally had normal neck examination [Doc. 15-3 at 17]."  (*Id.* at 27.)

11          Therefore, the ALJ properly rejected Dr. Knievel's, Dr. Gordon's, PT Morgan's,

12   and Dr. Aranas' opinions.

13   **C. Vocational Expert Testimony**

14          A vocational expert's testimony cannot be relied upon if the hypothetical is not

15   supported by the record and the claimant's limitations.  *Embrey v. Bowen*, 849 F.2d 418,

16   423 (9th Cir. 1988).  An ALJ may disregard a claimant's subjective excess pain testimony

17   if it is not supported by objective medical evidence.  *Id.*  However, "[u]nless the record

18   indicates that the ALJ had specific and legitimate reasons for disbelieving a claimant's

19   testimony as to subjective limitations such as pain, those limitations must be included in

20   the hypothetical in order for the vocational expert's testimony to have any evidentiary

21   value." *Id.*

22          Plaintiff argues that the vocational expert's testimony has no evidentiary value—

23   because the ALJ omitted various medical and other evidence of the record related to

24   Plaintiff's limitations—and thus the ALJ's decision is not based on substantial evidence.

25   (Doc. 16 at 16–17.)  The Commissioner responds that because the ALJ based her decision

26   on her evaluation of the medical and other various evidence on the record, the ALJ's use

27   of the vocational expert testimony was proper.  (Doc. 17 at 14–15.)  Again, the Court agrees

28   with the Commissioner.

Here, the medical record supported the hypothetical posed to the vocational expert. The "omitted limitations …were only those that the ALJ found not to exist … [T]he ALJ did not err in omitting the other limitations that [the plaintiff] had claimed, but had failed to prove." *Rollins*, 261 F.3d at 857.  As previously stated, the ALJ properly disregarded Plaintiff's testimony because it was contradicted by (1) objective medical evidence; (2) Plaintiff's course of treatment; and (3) Plaintiff's activities of daily living.  (Doc. 15-3 at 22–23.)  Because the ALJ properly rejected the various medical opinions and Plaintiff's testimony—including severity and limitation testimony—by offering specific and legitimate reasons for disbelieving it, the ALJ properly relied on the testimony of the vocational expert as substantial evidence.  *See Embrey*, 849 F.2d at 423.

## IV.    CONCLUSION

Having found no error,

**IT IS ORDERED** affirming the October 24, 2019 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 15th day of June, 2022.

Honorable Susan M. Brnovich
United States District Judge